UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SONDS,<br><br>Petitioner,<br><br>v.<br><br>R. PHILIP GUTTIERREZ, et al.,<br><br>Respondents. | NO. CV 11-6600-SJO (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

The Report found that Petitioner failed to exhaust his administrative remedies with respect to Incident Nos. 1955125 and 1924557 and that Petitioner's failure to exhaust should not be excused. (Report at 5-8.)

Incident No. 1924557 relates to a disciplinary hearing Petitioner had on October 30, 2009, in which he was found guilty of stealing. (Report at 7.) On

December 8, 2009, Petitioner appealed the guilty finding. (Opposition Attachment at 49-51.)[1] On December 21, 2009, the Bureau of Prisons ("BOP") Regional Office screened out the appeal for two reasons. First, Petitioner was not permitted to attach more than one continuation page and could only write on one side of the page. Second, Petitioner failed to provide a copy of the disciplinary hearing officer's report, or identify the charges and the date of the guilty finding. The Regional Office instructed Petitioner to resubmit his appeal within 10 days in conformance with the listed requirements. (Id. at 48.) On January 6, 2010, Petitioner submitted an appeal in which he stated he was dissatisfied with the Regional Office rejection dated December 21, 2009. (Id. at 47.) On February 16, 2010, the BOP Central Office screened out Petitioner's appeal received on January 19, 2010 because he had submitted his appeal to the Central Office instead of the Regional Office. (Id. at 46.) Petitioner did nothing further with respect to Incident No. 1924557.

Incident No. 1955125 relates to a disciplinary hearing Petitioner had on January 28, 2010, in which he was found guilty of assault. (Report at 6.) Originally, the grievance and appeals process was under Incident No. 1949865. However, Incident No. 1949865 was expunged by the BOP and superseded by Incident No. 1955125. (Id. at 2.) Thus, the appeals process began under Incident No. 1949865. On April 16, 2010, the Regional Office screened out Petitioner's appeal received on February 12, 2010 for two reasons. First, Petitioner was not permitted to have more than one continuation page and could only write on one side of the page. Second, Petitioner failed to provide a copy of the disciplinary hearing officer's report, or identify the charges and the date of the

---

[1] Petitioner's opposition had five attachments, the last of which were 82 pages of documents generally related to the appeals process. (See Dkt. No. 22-5.) The Court references these documents using the docket's electronic reference number located in the header of each page. Thus, "Opposition Attachment at 6" is Dkt. No. 22-5 at 6 (the header says "6 of 82").

guilty finding. The Regional Office instructed petitioner to resubmit his appeal within 10 days in conformance with the listed requirements. (Opposition Attachment at 6.) On May 27, 2010, the Central Office screened out Petitioner's appeal received on May 12, 2010. The Central Office advised Petitioner to follow the instructions provided by the Regional Office on the last rejection notice. (*Id.* at 10.) On March 28, 2011, Petitioner submitted an appeal referring to Incident Nos. 1949865 and 1955125. (*Id.* at 66-67.) Petitioner noted that Incident No. 1949865 had been expunged. (*Id.* at 66.) Petitioner appeared to be claiming he had not received various records related to his disciplinary hearing until March 4, 2011, in response to a FOIA request. (*Id.* at 67.) On April 6, 2011, now under Incident No. 1955125, the Regional Office screened out the appeal as untimely. The office advised Petitioner to "provide staff verification that you are not responsible for the untimely filing of this appeal." (*Id.* at 65.) On April 28, 2011, Petitioner filed another appeal, essentially repeating the same claim as to why the appeal was late. (*Id.* at 63-64.) On June 6, 2011, the Central Office screened out the appeal received on May 13, 2011 because Petitioner had submitted the appeal to the Central Office instead of the Regional office. The Central Office advised Petitioner that he must resubmit the appeal in the "proper form" within 15 days and complete the process at the Regional Office before appealing to the Central Office. (*Id.* at 62.) Petitioner did nothing further with respect to Incident No. 1955125.

In his opposition to the motion to dismiss, Petitioner did not argue his appeals had been screened out improperly. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) ("improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is

not required under the PLRA").[2] In his Objections he now argues that the BOP improperly screened out his appeals. (Objections at 15-16, 34-35.) However, he fails to identify the improprieties. Equally important, he does not explain why he failed to comply with the instructions given to him in the screen outs. Indeed, he concedes he understood those instructions. (Id. at 34 ("it is true that most of the screen out letters gave Petitioner instructions for following up"). Nor can the Court discern any legitimate reason for Petitioner failing to follow through. Petitioner repeated the same mistakes with respect to the appeals of both hearings. First, he failed to comply with procedural requirements to use only one continuation page and identify the charges and date of the discipline at issue. Second, when he resubmitted the appeal, he sent it to the next level (the Central Office) instead of completing the process at the regional level. There is no legal basis for excusing Petitioner's failure to exhaust the appeals processes properly.

Petitioner's remaining objections have no merit.

IT IS ORDERED that judgment be entered (1) granting Respondent's motion to dismiss; (2) dismissing Petitioner's claims based on Incident Nos. 1949835 and 1989260 for lack of jurisdiction; (3) dismissing Petitioner's claims based on Incident Nos. 1949865, 1955125 and 1924557 for failure to exhaust administrative remedies; and (4) denying the petition and dismissing this action without prejudice.

DATED: _____6/6/13_____          _____
                                  S. JAMES OTERO
                                  United States District Judge

---

[2] To fall within the exception for improper screening, a prisoner must establish "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-24.